DORE, Judge.
In October, 1945, Eddie Martin, the plaintiff, and Edwick Terrebonne, the defendant, made a verbal agreement whereby the defendant was to purchase from the plaintiff a fishing boat for the agreed price of $2,600.00, $500.00 to be paid in cash and the balance to be paid gradually by turning over to plaintiff a share of the seafood take off of the boat. After the purchase of this boat, the plaintiff claims that he advanced certain goods and cash to the defendant as shown 'by itemized statement attached to his petition, in the total amount of $713.20. It is further shown that later the boat was taken by the plaintiff from the defendant, and when this was done, no settlement of the alleged bill was asked for by plaintiff or made by defendant. The plaintiff’s suit is based on this itemized account of goods and money furnished plaintiff in April, May, July and August, 1946.
The defendant denies owing this account, setting forth in effect that the expenses listed on the account were -for the benefit of the boat and the joint venture and were paid by plaintiff without any understanding that he would be repaid therefor. The defendant further sets forth a recon-ventional demand in the sum of $884.27, $500.00 being for the down payment on the boat which he had paid, and which he states was to be returned when the deal was called off, and $384.27 being for fishing trawls, etc., which were left on the boat and kept by the plaintiff.
After trial of the case, the trial judge rendered judgment on plaintiff’s demand in the sum of $250.00 and on defendant’s re-conventional demand in the sum of $500.00. The plaintiff has appealed, asking for judgment in his favor for the full amount he claims and that the defendant’s reconven-tional demand be denied. The defendant has answered the appeal, praying for the dismissal of plaintiff’s claim entirely and for allowance of his claim in the full amount of $884.27.
The evidence is contradictory and we do not have the benefit of written reasons for the judgment wherein the trial judge could have advised us as to how he had arrived at his conclusion. It appears, however, that after hearing of the evidence, he came to the conclusion that the major portion of plaintiff’s account was for the benefit of the boat, and apparently approximated the sum of $250.00 as being the amount used by defendant, and therefore owed by him. The trial judge also obviously concluded that when the boat was returned under the agreement the $500.00 was supposed to have been returned by plaintiff.
As to plaintiff’s account, it is noted that there is an item of date May 20, 1946 of $73.52 paid to Paul Leforte, Jr., and another item of date of July 6, 1946, of $406.92, paid to the same individual.
The evidence shows that these items consist of parts and labor in the maintenance and repair of the boat and were furnished in the month of May 1946. According to the testimony of Ralph B. Bourg, a witness for the defendant and the one who had previously purchased the boat,' the boat was returned to plaintiff in October, 1945, in good condition and repair and on the same day was purchased by the defendant. According to this witness, “when you go to work a boat like that it’s seldom that a man who is working the boat *927 is able to pay. When there’s a breakdown the boat pays for it. * * * If you take a boat you have to take it in good order.” From this we gather that the boat was in good repair at the time of acquisition by defendant and that the keeping of the boat in good repair rests with the one operating the boat. The defendant had the use of the boat from its acquisition by him until May 1946, and the bills charged to the defendant show that they were items necessary to keep the boat in good condition and were proper charges against him. The remainder of the items on the itemized account were items furnished the defendant for his personal use. Suffice it to say that plaintiff has amptly borne the burden of proof as to the correctness of the account due by the defendant. The judgment appealed from will 'be amended accordingly.
Passing to defendant’s reconven-tional demand as to the $500.00 down payment on the boat, there is no clear-cut evidence as to whether or not upon the deal being called off that it was supposed to be returned; however, it does appear from the evidence that the plaintiff, because of an argument with defendant’s brother, became angry and ordered the defendant to tie the boat to plaintiff’s wharf and to leave it there. It seems, therefore, that the deal was not called off by the defendant, but by the plaintiff himself; in other words, the plaintiff himself revoked the sale made to defendant, and under these circumstances, it is equitable to put the parties back in the same position that they were prior to the deal. Defendant is 'entitled to recover this amount, which said amount is to be an offset to the account sued upon.
Apparently the trial judge was not satisfied with the claim for $384.27 as set forth in itemized account of Adam L. Dou-cet, which account is supposed to reflect the properties which defendant left on the boat when it was turned over to plaintiff. It seems clear that at one time or another from August, 1945 to September 7, 1946, that defendant purchased various items from Adam L. Doucet, but there is no proof outside of plaintiff’s own testimony that these goods were left on the boat, and as a matter of fact, many of these goods, such as paint, light bulbs, net dip, steel wool, nails, etc., would appear necessarily to have been used up as purchased and obviously for the benefit of the defendant himself.
For these reasons assigned the judgment appealed from, only in so far as it is in favor of plaintiff and against the defendant, is amended by increasing the amount thereof from $250.00 to the sum of $713.20, and as thus amended, the judgment is affirmed; the costs of this appeal to be paid by the defendant; all other costs to be paid in accordance with the original judgment.
ROBERT D. JONES, J., sitting ad hoc.